**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DANIEL JAMES DERRAH<br>Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br><br><br>NO. 08-3206 |

## MEMORANDUM

BUCKWALTER, S. J. August 12, 2009

Currently before the Court is the Motion for Summary Judgment of Defendant City of Philadelphia[1] (the "City"). Plaintiff has failed to file a Response to this Motion. For the following reasons, the Court dismisses Plaintiff's Pennsylvania Constitution based claim and grants Defendant's Motion for Summary Judgment on all remaining counts.

## I. FACTUAL AND PROCEDURAL HISTORY

The Complaint in this matter was filed in the Court of Common Pleas on May 23, 2008. The City of Philadelphia was served on June 24, 2008, and the matter was subsequently removed to this Court on July 7, 2008. Three days later, the City filed an Answer to Plaintiff's Complaint. Defendant filed a Motion for Summary Judgment on March 23, 2009. On May 1, 2009, this Court issued an Order stating that Plaintiff, David James Derrah, must file a response

1. The Court recognizes that throughout the Complaint, Plaintiff uses the word "Defendants" when describing the action of the Police Officer and the City. (Compl. ¶¶ 16, 22.) But, in the caption of the Complaint, the only named Defendant is the City of Philadelphia. Oddly enough, Plaintiff uses "Defendants" to describe the City in that caption. Given the irregularities in the pluralization throughout the Complaint, the Court is going to assume that the only Defendant in this matter is the City of Philadelphia.

to Defendant's Motion for Summary Judgment by May 18, 2009. (Doc. No. 15.) On the same day, Plaintiff's attorney filed a Motion for Leave to Withdraw, which this Court granted. (Doc. No. 16.) Subsequently, this Court, on May 6, 2009, ordered Plaintiff to respond to the Summary Judgment Motion within forty-five days, and warned that failure to do so may result in the granting of Defendant's Motion (Doc. No. 17.) On June 18, 2009, Plaintiff filed a Motion for Extension of Time, which this Court denied in its June 24, 2009 Order. (Doc. Nos. 18, 19.)

The Court recognizes the limited facts in Plaintiff's Complaint. On May 24, 2006, Plaintiff was sitting in his automobile, which was parked, and not running. (Compl. ¶ 5.) At that time, Plaintiff was approached by a uniformed officer, who told him that he was under arrest for driving under the influence. (Id. ¶¶ 6-7.) Plaintiff argued that he had done nothing wrong and stated that he was not driving. (Id. ¶ 8.) The officer then pulled Plaintiff from his automobile, slammed him into a tree, and placed him in handcuffs. (Id. ¶ 9.)

Plaintiff's current lawsuit claims he was the victim of an unwarranted and unprovoked attack by the officer, an employee of the Philadelphia Police Department and the City, acting within the course and scope of his employment. (Id. ¶ 10) Plaintiff has enumerated seven different counts within his Complaint. First, he filed a 42 U.S.C. 1983 civil rights action against the City for the reckless and callous acts of the Officer that he alleges deprived him of his right to liberty and process. (Id. ¶ 17.) Second, Plaintiff argues that the Officer, through the use of threats of imprisonment and physical force, falsely imprisoned him without cause or justification. (Id. ¶ 18.) Third, he claims that the officer's actions, were either negligent and/or an intentional infliction of emotional distress, resulted in injuries, abrasions, and contusions of the muscles, bones, head, and body; shock and trauma to the nervous system; and, psychological

trauma and emotional stress that Defendant, as his employer, should be held liable. (Id. ¶¶ 12, 20.) Fourth, he contends that Officer's actions constituted cruel and unusual punishment and violated his right to substantive due process and equal protection in violation of the Eighth and Fourteenth Amendments of the United States Constitution. (Id. ¶¶ 22, 24.) Finally, Plaintiff asserts that the officer's actions constituted a denial of his civil rights protected under Article I, § 26 of the Constitution of the Commonwealth of Pennsylvania. (Id. ¶ 27.)

## II. STANDARD OF REVIEW ON MOTION FOR SUMMARY JUDGMENT

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A factual dispute is "material" only if it might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For there to be a "genuine" issue, a reasonable fact-finder must be able to return a verdict in favor of the non-moving party. (Id.)

On summary judgment, it is not the court's role to weigh the disputed evidence and decide which is more probative, or to make credibility determinations. Boyle v. County of Allegheny, PA, 139 F.3d 386, 393 (3d Cir. 1998) (citing Petruzzi's IGA Supermarkets, Inc. v. Darling-Del. Co. Inc., 998 F.2d 1224, 1230 (3d Cir. 1993).) Rather, the court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)); Tigg Corp. v. Dow Corning Corp., 822 F.2d 358, 361 (3d Cir. 1987). If a conflict arises between the evidence

presented by both sides, the court must accept as true the allegations of the non-moving party, and "all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

Although the moving party bears the initial burden of showing an absence of a genuine issue of material fact, it need not "support its motion with affidavits or other similar materials negating the opponent's claim." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). It can meet its burden by "pointing out . . . that there is an absence of evidence to support the nonmoving party's claims." (Id. at 325.) Once the movant has carried its initial burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec., 475 U.S. at 586. Once the moving party has met this burden, the burden shifts to the nonmoving party, who "may not rely merely on allegations or denials in its own pleading." FED. R. CIV. P. 56(c). 56(e)(2); Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus., 475 U.S. at 586. The opposing party must "set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2). "There must be sufficient evidence for a jury to return a verdict in favor of the non-moving party; if the evidence is merely colorable or not significantly probative, summary judgment should be granted." Arbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994), abrogated on other grounds, Showalter v. Univ. of Pittsburgh Med. Center, 190 F.3d 231 (3d Cir. 1999).

## III. ANALYSIS

As the procedural history of this case shows, Plaintiff has been granted considerable latitude in complying with the this Court's Order. Plaintiff received notice from this Court, on two different occasions, to produce a response to Defendant's Motion for Summary Judgment. Instead of producing a proper response, Plaintiff requested an extension of time on nearly the last day stipulated for a response by this Court. As a result of Plaintiff's dilatoriousness, the Court will now consider Defendant's motion uncontested and proceed with a proper analysis of the bare allegations made in the Complaint and Defendant's response.

In Counts I, II, IV, V, and VII, Plaintiff alleges that the City violated his rights under the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution. Defendant argues that even if the officer's actions violated Plaintiff's rights, holding the City liable under the theory of *respondeat superior* is contrary to well-established law that a municipality cannot be held liable for such actions. (Def.'s Mot. Summ. J. 3.)

In the seminal case of Monell v. Dept. of Soc. Serv., 436 U.S. 658 (1978), the United States Supreme Court confirmed that "Congress did intend municipalities and other local government units to be included among those persons to whom §1983 applies," but emphasized that, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Id. at 690-91. To establish section 1983 liability on such a governing body, Plaintiff must identify either a "policy, statement, ordinance regulation or decision officially adopted and promulgated by that body's officers," or "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official

decision making channels." Id. at 690-691. The Third Circuit refined these definitions and explained that policy or custom may be established: (1) "[w]hen a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy or edict"; or (2) through a "course of conduct . . . when, though not authorized by law, such practices of state officials [are] so permanent and well-settled as to virtually constitute law." Andrews v. City of Phila., 895 F.2d 1469, 1480 (3d Cir. 1990).

Deliberate indifference is the result of "'a deliberate choice to follow a course of action [that] is made from among various alternatives by city policymakers.'" City of Canton v. Harris, 489 U.S. 378, 389 (1989) (quoting Pembaur v. Cincinnati, 475 U.S. 469, 483-84 (1986) (plurality) (Brennan, J.)). "It is a particularly wilful type of recklessness that is inherent in the deliberate indifference standard." Simmons v. City of Phila., 947 F.2d 1042, 1060 n.13 (3d Cir. 1991). That indifference must be attributed to "lawmakers or other officials with the authority to make municipal policy." Id. at 1059. Whether one has the authority to formulate official municipal policy is a matter of state law. Id. at 1061-62. The Third Circuit has held that "neither [an unconstitutional municipal policy or custom] could be established absent conscious decision-making or acquiescence in a longstanding custom or practice on the part of a policymaker." Id. at 1064 (citing Andrews 895 F.2d at 1481) (noting that negligence on the part of state officials is not enough to impute liability under section 1983).

"Therefore, as to each of Plaintiff's allegations as a basis of municipal liability, he must: identify the constitutional right at issue, identify the policy or custom at issue, identify the policymaker, demonstrate deliberate indifference or evidence of knowledge and acquiescence by

the policymaker and demonstrate causation." Glass v. City of Phila., 455 F. Supp. 2d 302, 342 (E.D. Pa. 2006).

Although Plaintiff identifies potential constitutional violations, he fails to mention a policy or custom that has affected him; a policy-maker that has shown deliberate indifference or acquiescence to these violation; and has failed to demonstrate any sort of causation. Failure to address these issues warrants a grant of summary judgment on the basis of municipal liability against Plaintiff on Counts I, II, IV, V, and VII.

In Counts III and VII, Plaintiff claims that the officer's actions led to negligent and/or intentional infliction of emotional distress, and a myriad of physical injuries. Defendant argues that such state law claims are barred by the Political Subdivision Tort Claims Act ("Tort Claims Act"), 42 PA. CONS. STAT. § 8541, *et seq.*

The Tort Claims Act provides, in pertinent part, that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or any employee thereof or any other person." 42 PA. CONS. STAT. § 8541. Pursuant to that statute, municipal entities and their employees acting in their official capacities are generally immune from tort liability based on negligence unless the alleged misconduct fits into one of the few narrow categories[2] enumerated in the statute – none of which apply here. Bright v. Westmoreland County, 380 F.3d 729, 750 (3d Cir. 2004); Townsley v. W. Brandywine Twp., Civ. A. No. 06-728, 2006 WL 1147267, at *8 (E.D. Pa. Apr. 26, 2006).

2. The eight statutory exceptions to immunity in Section 8542(b) of the Tort Claims Act are: (1) the operation of a motor vehicle; (2) the care, custody or control of personal property; (3) the care, custody or control of real property; (4) a dangerous condition of trees, traffic signs, or other traffic controls; (5) a dangerous condition of utility service facility; (6) a dangerous condition of streets; (7) a dangerous condition of sidewalks; and (8) the care, custody or control of certain animals. 42 PA. C. S. § 8542(b)(1-8) 42 PA. CONS. STAT § 8542(b)(1-8)

In United States v. City of Bethlehem, Civ. A. No. 93-1445, 1993 WL 276977 (E.D. Pa. July 13, 1993), the plaintiff filed a complaint alleging excessive force against the City of Bethlehem and three of its police officers after she had her hair pulled and face pushed into the ground by the officers while she was suffering from an epileptic seizure. Id. at *1. She alleged that the defendants, in their individual and/or official capacity, violated her civil rights in contravention of 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, 1988, and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution. Id. The plaintiff contended that the defendants were also liable under the theories of assault, battery, false arrest, false imprisonment, malicious prosecution, abuse of process, official oppression, ethnic intimidation, negligence, and gross negligence. Id. The court held that the plaintiff's state law claims against the City of Bethlehem of assault, battery, false imprisonment, malicious prosecution, and abuse of process were intentional torts and therefore fell within the description of acts constituting "willful misconduct" or "actual malice" as stated in § 8542 (a)(2). Id. at * 3. Applying this same reasoning to the present case, Plaintiff's claims of negligent/and or intentional infliction of emotion distress and physical injury are negligent and/or intentional actions barred by the Tort Claims Act warranting the granting of summary judgment on the remaining issues in Counts III and VII.

Finally, in Count VI of the Complaint, Plaintiff argues that "the actions of the [] Officer as described above constituted a denial of the Plaintiff's civil rights under the

Constitution of the Commonwealth of Pennsylvania [Art. I § 26][3]." (Compl. ¶ 27.) Defendant argues that this claim fails as a matter of law on the basis that there is no right to monetary damages for an alleged violation of the Pennsylvania Constitution. (Def.'s Mot. Summ. J. 6.)

Although Pennsylvania state courts have considered whether monetary damages are available under specific sections of the Pennsylvania Constitution, the Pennsylvania Supreme Court has not determined whether a private cause of action for monetary damages is cognizable specifically under Article I, section 26. See Aquino v. County of Monroe, Civ. A. No. 05-2468, 2007 WL 1544980 at *2 (E.D. Pa. May 24, 2007.) To determine whether such a cause of action exists, the court would have to conduct an extensive inquiry into an unsettled area of state constitutional law, see Hall v. Raech, Civ. A. No. 08-5020, 2009 WL 811503 at *6 (E.D. Pa. March 25, 2009) (citing Jones v. City of Phila, 890 A.2d 1188 at 1195-15 (Pa. Cmwlth. Jan. 25, 2006).) Because this inquiry would "raise[ ] a novel or complex issue of State law," this Court declines to exercise supplemental jurisdiction over Plaintiff's section 26 claim pursuant to 28 U.S.C. § 1367(c)(1). See Trump Hotels & Casino Resorts v. Mirage Resorts, 140 F.3d 478, 487 (3d Cir.1998) ("A court may decline to exercise supplemental jurisdiction over a state law claim where 'the claim raises a novel or complex issue of state law.'"); see also Laughman v. Pennsylvania, No. 05-1033, 2006 WL 709222, at *8 (M.D. Pa. Mar. 17, 2006) (declining supplemental jurisdiction because "the Pennsylvania Supreme Court has not yet addressed the issue of whether a plaintiff may seek monetary damages for state constitutional violations" and

---

3. The relevant section of the Pennsylvania Constitution states: "Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of a civil right." PA. CONST. ART. I, § 26.

citing cases doing the same). Accordingly, this Court dismisses this claim for lack of jurisdiction and grants summary judgment against all remaining claims.

An appropriate order follows.